**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| **TOMMY EARL JORDAN,** ) | |
| Plaintiff, ) | |
| vs. ) | No. 3:12-CV-2169-N-BH |
| ) | |
| **DAVID BROWN, Chief of Police, et. al,** ) | |
| Defendants. ) | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to Special Order No. 3-251, this case has been automatically referred for pretrial management. Before the Court is Plaintiff's *Application to Proceed In District Court Without Prepaying Fees or Costs*, received July 9, 2012 (doc. 5). Based on the relevant filings and applicable law, the application should be **DENIED**, and this action should be summarily **DIS-MISSED** as barred by the "three-strikes" rule if the plaintiff does not prepay the full filing fee.

**I. BACKGROUND**

Tommy Earl Jordan ("Plaintiff"), currently confined at the Dallas Transitional Center halfway house, filed this civil case alleging that the defendants violated his civil rights by committing theft of his personal property. He seeks to proceed *in forma pauperis* and claims that he has no means to pay the filing fee.

**II. THREE STRIKES**

Plaintiff asserts that his civil rights were violated by a theft that occurred on December 17, 2011, when he was arrested for a parole violation. (Compl. at 1).[1] As a prisoner in a halfway house seeking to proceed *in forma pauperis*, Plaintiff's action is subject to review under the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915. *See Jackson v. Johnson*, 475 F.3d 261, 267

---

[1] The relevant records reflect that plaintiff was sentenced to forty years imprisonment for robbery in 1995 in Cause No. F95-02478 in Dallas County, Texas. (www.dallascounty.org, Cause No. F95-02478).

(5th Cir. 2007) (holding that a halfway house inmate is a prisoner for purposes of the PLRA when the confinement is as a result of a criminal violation).  One of the major changes promulgated by the PLRA is the "three-strikes" provision set forth in § 1915(g), which provides that inmates may not proceed without the prepayment of fees if they have previously brought three or more civil actions or appeals in federal court that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, unless they are in imminent danger of serious physical injury.

Plaintiff's current filing falls under the PLRA "three-strikes" provision because he has had at least three prisoner civil actions or appeals dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted.  *See Jordan v. Nelms*, 54 Fed. App'x 796 (5th Cir. Dec. 12, 2002) (applying three strikes bar); *see also Jordan v. Nelms*, No. 3:02-CV-1043-M (N.D. Tex. July 1, 2002) (dismissed as frivolous); *Jordan v. Johnson*, No. 9:02-CV-0113-TH (E.D. Tex. Aug. 7, 2002) (same); *Jordan v. Dallas County*, No. 3:95-cv-590 (N.D. Tex. Sept. 30, 1997) (same).  Under § 1915(g), he may not proceed without the prepayment of fees unless he shows that he is subject to imminent danger of serious physical injury.  He has not made this showing.

## II.  RECOMMENDATION

Plaintiff's *Application to Proceed In District Court Without Prepaying Fees or Costs*, received July 9, 2012 (doc. 5) should be **DENIED**, and this action should be summarily **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915(g) unless Plaintiff pays the $350.00 filing fee prior to acceptance of this recommendation or before a deadline otherwise established by the District Court.

**SIGNED this 12th day of July, 2012.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE